UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HUGHES, individually, and as parent and next friend of D.W.H., a minor,

            Plaintiffs,

vs.                      Case No. 2:06-cv-629-FtM-29DNF

DISTRICT SCHOOL BOARD OF COLLIER COUNTY,

            Defendant.
_____

**OPINION AND ORDER**

      This matter comes before the Court on a Report and Recommendation (Doc. #26) recommending that defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #20), filed on May 9, 2007, be granted in part and denied in part. Both sides filed Objections to the Report and Recommendation and Responses to the objections. (Docs. #27, 28, 29.) For the reasons set forth below, the Court adopts the Report and Recommendation.

**I.**

As detailed in the Report and Recommendation, disputes arose between the District School Board of Collier County (the School Board) and plaintiff William Hughes (Hughes) concerning the education of his minor child, D.W.H. (the Child). In due course Hughes requested and received two due process hearings before an

Administrative Law Judge (ALJ) concerning these disputes. The ALJ issued his first Final Order of Dismissal decision on October 18, 2006, finding that the matter of whether the school board failed to provide the child with a free appropriate public education (FAPE) during 2005-06 was moot because as of September 5, 2006, the Child was enrolled in another school district and was being educated pursuant to a new IEP. On November 17, 2006, plaintiffs filed a timely federal Complaint (Doc. #1) challenging this decision. The ALJ issued his second Final Order decision on December 26, 2006, finding that the Child was not entitled to extended school year services or reimbursement of expenses. On April 25, 2007, plaintiffs filed an Amended Complaint (Doc. #19) adding the December 26, 2006 decision to their claims.

The School Board asserts that the Individuals with Disabilities Education Act (IDEA) claim in Count I relating to the October 18, 2006 decision must be dismissed because plaintiffs failed to exhaust their administrative remedies. The School Board also asserts that the IDEA claim in Count I relating to the December 26, 2006, decision must be dismissed because it was filed after the expiration of the applicable statute of limitations. The Report and Recommendation disagreed with the first argument but agreed with the second.

**II.**

It is undisputed that the IDEA requires an aggrieved party to exhaust his, her, or its administrative remedies. It is also undisputed that plaintiffs took all steps required to exhaust these administrative remedies. The rub, according to the School Board, is that the ALJ did not render a decision on the merits, but rather found the matter moot because the Child had been removed from the geographic jurisdiction of the School Board. The School Board argues that such a decision renders the matter unexhausted, and thereby deprives the court of subject matter jurisdiction.

The Court cannot agree with the School Board's position. When the ALJ issued his decision finding the matter moot, plaintiffs each became a "party aggrieved by the findings and decision under this subsection, . . ." 20 U.S.C. § 1415(i)(2)(A), which triggered "the right to bring a civil action with respect to the complaint presented pursuant to this section, . . ." Id. While there may be an issue relating to whether the Court can review only the mootness determination or the merits of the plaintiffs' underlying complaints, this relates to the scope of relief and not exhaustion. Plaintiffs at least have standing to challenge the mootness decision of the ALJ, which creates a case and controversy for this Court. Accordingly, the Court overrules the objection by the School Board, and finds that plaintiffs exhausted their

administrative remedies as to the October 18, 2006 decision of the ALJ.[1]

### III.

It is undisputed that there is a 30 day statute of limitations period in which an aggrieved party must file a civil action in an appropriate court. In this case, the ALJ's second decision was filed on December 26, 2006, and plaintiffs challenge to this was made in an Amended Complaint filed on April 25, 2007. Plaintiffs argue, however, that the relation back provisions of FED. R. CIV. P. 15(c) allows this new claim to been deemed to have been filed at the time of the original Complaint, i.e., on November 17, 2006. The Court disagrees.

At the time the original Complaint was filed, there was no cause of action which had been exhausted as to the extended school year and expense reimbursement. A party cannot be "aggrieved by the findings and decision" within the meaning of 20 U.S.C. § 1415(i)(2)(A) until such findings and decision are rendered. This did not occur until the December 26, 2006 ALJ decision. A person is not allowed to file an anticipatory lawsuit on the theory that

---

[1] The Court therefore need not decide whether the failure to exhaust is jurisdictional. Compare N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996)(failure to exhaust IDEA claim is not jurisdictional) and M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153 (11th Cir. 2006)(treating failure to exhaust under Rule 12(b)(6) as a failure to state a claim) with Babicz v. School Bd. of Broward County, 135 F.3d 1420 (11th Cir. 1998)(failure to exhaust results in dismissal for lack of subject matter jurisdiction) and J.P. v. Cherokee County Bd. of Educ., 218 Fed. Appx. 911 (11th Cir. 2007)(same).

he may lose the second matter before the ALJ.  Therefore the new claim, i.e., that the December 26, 2006 decision was erroneous, cannot arise out of or relate back to the original claims, i.e., that the October 18, 2006 decision was erroneous.  Contrary to plaintiffs' view, the Court does not see it as a "trap" to require either an amended complaint or a new civil action to be filed within 30 days of the new ALJ decision.  Accordingly, the Court overrules plaintiffs' objections and finds that the Amended Complaint and attachments establish that the action as to the December 26, 2006 decision was untimely.

**IV.**

The Court declines to address the School Board's new issue regarding the propriety of § 1983 and § 504 of the Rehabilitation Act first raised in objections to the Report and Recommendation.  (Doc. #28, pp. 4-5.)  This issue was not raised in the Motion to Dismiss, and the Court will not entertain it in this procedural posture.  Defendant may raise the issue in a summary judgment motion at the appropriate time.

Accordingly, it is now

**ORDERED**:

1.  The Magistrate Judge's Report and Recommendation (Doc. #26) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

    2.    The Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #20) is **GRANTED** to the extent that Count I of the Amended Complaint is dismissed as it relates to the December 26, 2006, ALJ decision, and is otherwise **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of September, 2007.

                                             _____
                                             JOHN E. STEELE
                                             United States District Judge

Copies:
Hon. Douglas N. Frazier
Counsel of record