UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HUGHES, individually, and as
parent and next friend of D.W.H., a
minor,

                Plaintiffs,

vs.                              Case No. 2:06-cv-629-FtM-29DNF

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY,

                Defendant.
_____

**OPINION AND ORDER**

     The Second Amended Complaint (Doc. #32) sets forth claims under the Individuals with Disabilities Education Act (IDEA)(Count I), Section 504 of the Rehabilitation Act of 1973 (Count II), the Americans with Disabilities Act (Count III), 42 U.S.C. § 1983 (Count IV), and the Florida Civil Rights Act (Count V). Pursuant to the IDEA Case Management Order (Doc. #37), the IDEA count was bifurcated from the other counts and referred to the magistrate judge for report and recommendation, and the remaining counts were stayed. This matter now comes before the Court on a Report and Recommendation (Doc. #58) filed on September 22, 2008. Both parties filed Objections (Docs. #63, 64) of sorts, and plaintiff filed a Response to Defendant's Objections (Doc. #65).

     The Report and Recommendation first addressed whether the IDEA claim was moot in the district court. The Report and

Recommendation recognized that while Count I sought monetary relief, no such request had been made in the administrative proceeding. As such, there had been no exhaustion of administrative remedies as to monetary relief, and the Report and Recommendation recommended that such claim for monetary relief should be dismissed. (Doc. #58, pp. 7-8.)

After review, the Court agrees that plaintiff did not administratively exhaust a claim for monetary relief under the IDEA, and therefore such claim must be dismissed without prejudice. Therefore, the now-dismissed claim for money damages does not prevent the federal case from being moot.

The Report and Recommendation next addressed whether the federal IDEA claim was moot because the child had been removed from the School District of Collier County. The Report and Recommendation concluded that the exception to the mootness doctrine covering conduct which is capable of repetition yet evading review applied in the circumstances of this case, and therefore the federal IDEA count was not moot. The Court agrees that the federal IDEA claim is not moot because, under the facts of this case as set forth in the Report and Recommendation, the matter is capable of repetition yet evading review.

Finally, the Report and Recommendation essentially combined its exhaustion findings and its mootness exception finding and recommended that the IDEA count be remanded to the Administrative Law Judge "to determine the only remaining issues which are whether

the Child is entitled to a trained service dog at school with him, and whether his IEP should be modified to include seizure disorder. All other issues should be dismissed for failure to exhaust administrative remedies." (Doc. #58, p. 12.) The Court accepts this recommendation only in part.

The Final Order of Dismissal by the Administrative Law Judge found the administrative proceedings moot because the child had been removed from the School District of Collier County. Implicitly, the Report and Recommendation suggests that this finding be reversed for the same reasons that the federal IDEA claim is not moot. The Court accepts this implicit recommendation, and reverses the Final Order of Dismissal to the extent that it finds the administrative proceedings moot. The matter will be remanded to the State of Florida, Division of Administrative Hearings (DOAH) to complete the administrative proceedings. The Court declines to limit the proceedings on remand to the two issues set forth in the Report and Recommendation, but instead leaves to the DOAH in the first instance the determination of those issues properly before it.

While both Objections discuss the remaining counts in the Second Amended Complaint, some of which may also suffer from the failure to administratively exhaust remedies, the Court declines to address these issues based on the Report and Recommendation. Rather, as the IDEA Scheduling Order indicated, further deadlines will be established to address those counts.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #58) is **ADOPTED IN PART** as set forth above.  Judgment shall be entered as to Count I of the Second Amended Complaint dismissing the claim for monetary relief, reversing the Final Order of Dismissal entered by the Administrative Law Judge on October 18, 2006, and remanding to the State of Florida, Division of Administrative Hearings (DOAH) to complete the administrative proceedings.

2. The Clerk of the Court shall enter Partial Judgment accordingly.

3. The stay set forth in the IDEA Case Management Order (Doc. #37) is **lifted**, and a Supplemental Case Management Order shall be issued separately by the magistrate judge.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of October, 2008.

                                                            _____
                                                            JOHN E. STEELE
                                                            United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record