```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM HUGHES, individually, and as
parent and next friend of D.W.H., a
minor, and BRENDA HUGHES

                      Plaintiffs,

vs.                                     Case No. 2:06-cv-629-FtM-29DNF

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY,

                      Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. #82) filed on February 2, 2009. Defendant seeks to dismiss only Count I and Count IV of the Third Amended Complaint. Plaintiff filed a Response (Doc. #85) on March 2, 2009.

**I.**

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La

Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Additionally, dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Defendant seeks to dismiss portions of the Third Amended Complaint (Doc. #77), arguing that the IDEA claim (Count I) has been decided and remanded to the Administrative Law Judge for resolution and that the § 1983 claim (Count IV) should be dismissed with prejudice as failing to state a claim independent of the claims under the Americans with Disabilities Act and the Rehabilitation Act. Defendant also argues that the parents do not have standing to assert an associational discrimination claim, but defendant filed an Answer and Affirmative Defenses (Doc. #81) as to these allegations so this issue must be resolved in the pending summary judgment motion.

**A.**

Plaintiffs filed a Response indicating that they agree that the IDEA claim was dismissed without prejudice and that they "did not intend or assert that for any reason this claim was not dismissed, but . . . reassert the count in the event of an adverse decision from the Administrative Law Judge." (Doc. #85, pp. 1-2.) No associational discrimination claim is asserted under the IDEA. (Id.) Therefore, the motion will be granted as to Count I, which will be dismissed without prejudice to the proceedings on remand with the Administrative Law Judge.

**B.**

Defendant argues that a claim under § 1983 cannot be utilized to enforce rights otherwise redressable through the IDEA, the ADA, or the Rehabilitation Act. The Third Amended Complaint (Doc. #77) bases the 42 U.S.C. § 1983 claim on "federal statutory rights guaranteed him and his son by the IDEA, § 504, and the ADA." (Doc. #77, ¶ 96.) The Court agrees that a § 1983 claim does not lie for violations of statutory rights under the IDEA, A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007), or § 504 of the Rehabilitation Act, or the ADA, Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1531 (11th Cir. 1997).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. #82) is **GRANTED** to the extent that Count I is **dismissed** without prejudice to the administrative proceedings, and Count IV is **dismissed** with prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of August, 2009.

                                          JOHN E. STEELE
                                          United States District Judge

Copies:
Counsel of record